OPINION
{¶ 1} Jack D. Ison was indicted by the Miami County Grand Jury on one count of Aggravated Robbery, a felony in the first degree, and one count of Abduction, a felony in the third degree. Following his unsuccessful motion to suppress certain evidence, he changed his plea to no contest on an amended count of Robbery, a felony of the third degree, and the State dismissed the Abduction count. He is convicted of Robbery and sentenced to four years incarceration.
 {¶ 2} Mr. Ison is appealing not his conviction but only his sentence, with the following assignment of error:
 {¶ 3} "The trial Court Erred in sentencing appellant to a term of imprisonment in disregard of the sentencing guidelines."
 {¶ 4} The appellant, in his counsel's brief on appeal, essentially argues that he had led a relatively lawful life for the past eight years (disregarding a speeding ticket in 2002), and that the sentence was too harsh and was not supported by the record. His counsel argued to the trial court and herein on appeal that he should have been given a community control sanction only. Pursuant to R.C. 2953.08, a reviewing court may alter a sentence or vacate it and remand it if it finds clearly and convincingly that the record does not support the sentence or that the sentence is otherwise contrary to law. Under R.C.2929.14(B), a trial court must impose the shortest term authorized for the offense unless it finds that (1) the offender was serving a prison term at the time of the offense or had previously served a prison term, or (2) the shortest prison term would demean the seriousness of the offender's conduct or will not adequately protect the public from future crime.
 {¶ 5} During the sentencing hearing, the trial court clearly found and stated that the minimum term here would demean the seriousness of the offense and would not adequately protect the public. (Tr. 8). The trial court recited the appellant's criminal history, which consisted of convictions of drug abuse, theft, and aggravated menacing from 1988 through 1994 and then considered his current offense, as follows:
 {¶ 6} "Under the more seriousness factors, I find that the victims suffered serious psychological harm as a result of the offense and the relationship with the victims facilitated the offense. And that's [sic] the victims were Defendant's prior co-workers.
 {¶ 7} "Also I find and note that there was an attempt or a threat of physical harm with a weapon and that the offense was committed while the Defendant was in possession of a firearm.
 {¶ 8} "Based upon the foregoing, the facts and circumstances of the case, and the seriousness of the offense, and the dangerousness that the offense caused to the victims, and the other information contained in the Pre-Sentence Investigation, I find the Defendant is not amenable to an available Community Control Sanction." (Tr. 7-8).
 {¶ 9} The specifics of the offense were not set forth in the briefs but were recited by the trial court in overruling defendant's motion to suppress, as follows:
 {¶ 10} "On February 27, 2003, at about 8:15 p.m. Officer Grove was called to the scene of a recent robbery in the City of Piqua at Goodwill Store. One victim told the officers that a man resembling the Defendant had recently robbed the store at gunpoint. They described how the man seemed to know his way around the store to the office and safe. The man came to the door at 8:00 p.m. which is the time they lock the doors to restrict entrance into the store. They told Officer Grove that the Defendant was recently fired.
 {¶ 11} "The witnesses told Grove that the assailant was wearing camouflaged overalls, a black `grim reaper' mask and had a gun and was apparently attempting to disguise his voice." (Doc. 11).
 {¶ 12} The officer went in search of the defendant and found him in a bar next to his home. The defendant voluntarily consented, as the trial court found, to a search of his premises and his car, in which the officer found in the trunk a handgun that apparently matched the description given by the witnesses of the robbery and also a pair of overalls and a "grim reaper" mask. The appellant denied committing a robbery to the officer and maintained his denial even during the sentencing hearing. Apparently, based upon that continuing denial, the trial court found that the defendant showed no remorse for his recent offense and found no facts that would militate against the defendant likely re-offending in the future.
 {¶ 13} We find that the trial court considered all the necessary factors and complied to the purposes and principles of sentencing. The sentence of less than the maximum here is amply supported by the record and is not contrary to law.
 {¶ 14} The assignment of error is overruled, and the sentence judgment is affirmed.
Fain, P.J. and Grady, J., concur.